UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
WINSTON FARRELL,

                                                      **07-cv-4052 (LAK)**

      Plaintiff,

             -against-                          **COMPLAINT**

THE CITY OF NEW YORK, and Police Officer
SCHNIDER of the Midtown South Precinct,

      Defendants.

------------------------------------------------------------------------ x

The plaintiff, complaining of the defendants, by her attorney, MICHAEL FINEMAN, ESQ. respectfully shows to this Court and alleges:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for compensatory damages, and punitive damages pursuant to 42 U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and §1391(c), in that the defendant's, the City of New York, offices are located within the District.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.Civ.P. 38(b).

## PARTIES

6. The plaintiff, is a United States citizen who immigrated from Montserrat, in the West Indies, and is a resident of the United States, State of New York, and the County of Bronx.

7. Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individual defendant, Police Officer Police Officer SCHNIDER of the Midtown South Precinct (hereinafter referred to as SCHNIDER) was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendant, SCHNIDER, alleged herein were done by said defendant while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendant, SCHNIDER, alleged herein were done by said defendant while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about June 9, 2006 at approximately midnight, plaintiff was in his car, with his two sons, Winchele and Jesani.

14. Upon information and belief, on the above date, the plaintiff was in his car on Eighth Avenue, between Forty-second and Forty-third Streets.

15. Upon information and belief, defendant SCHNIDER, who was accompanied by a number of additional police officers, both in uniform and in plain cloths, who where unknown to plaintiff, approached the plaintiff's vehicle.

16. Upon information and belief, defendant SCHNIDER, while holding his firearm at his side unholstered, forcibly removed the plaintiff from his car.

17. Upon information and belief, defendant SCHNIDER forcibly pushed the plaintiff against the side of plaintiff's car and handcuffed the plaintiff. .

18. Upon information and belief, at the direction of defendant SCHNIDER, the other, unknown police officers, entered the plaintiff's car and searched its interior.

19. Upon information and belief, during the time that the plaintiff was placed in custody and his car was searched at the above-mentioned location, a crowd of people gathered.

20. Upon information and belief, defendant SCHNIDER as well as the other officers who were present, removed the plaintiff to the Midtown South Precinct of the New York City Police department where the plaintiff was further detained.

21. Upon information and belief, defendant SCHNIDER caused the plaintiff to be transported to the New York County Criminal Court's Central Booking location, where the plaintiff continued to be detained.

22. Upon information and belief, plaintiff was released from the New York County Criminal Court without being brought before a Judge for an arraignment because the criminal charges that the defendants accused the plaintiff of were declined to be prosecuted by the New York County District Attorney's Office.

23. Upon information and belief, plaintiff was held against his will from about midnight on June 9, 2006 until 5:00 PM on June 9, 2006 for a total of approximately seventeen hours.

24. Upon information and belief, the defendants, through the actions of defendant SCHNIDER did seize the plaintiff's person without probable cause.

25. Upon information and belief, plaintiff was placed in handcuffs and escorted into a marked police car in front of numerous members of plaintiff's community as well as plaintiff's family.

26. Upon information and belief, plaintiff did begin to suffer bruising and pain to the plaintiff's wrist while in the defendants' custody, and sought medical attention subsequent to his release.

27. Upon information and belief, no criminal charges where ever brought against plaintiff founded upon any allegation with respect to the above-described incident by the relevant prosecutorial entity in the jurisdiction.

28. Upon information and belief, defendant SCHNIDER attempted to conceal his illegal and unconstitutional conduct by claiming that the plaintiff did not have a valid driver's license while knowing that not to be true.

<u>PENDENT STATE CLAIMS</u>

29. That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about August 3, 2006.

30. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

31. That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

32. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

44. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

45. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

46. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT

47. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

48. On the above mentioned date, defendant SCHNIDER did forcibly prevent the plaintiff from exiting the aforementioned Midtown South Police Precinct as well as The New York County Criminal Court Central Booking facility with plaintiff's knowledge and without the plaintiff's consent.

49. Upon information and belief, defendant SCHNIDER had no justifiable reason to detain, or cause plaintiff's detention.

50. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

51. Each and all of the acts of defendant SCHNIDER alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

52. The acts complained of were carried out by defendant SCHNIDER in his capacities as a employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

53. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY

54. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

55. Upon information and belief, defendant SCHNIDER did place plaintiff in fear of physical injury by his conduct.

56. Upon information and belief, defendant SCHNIDER did make physical contact with plaintiff's person against plaintiff's will by grabbing plaintiff, forcing the plaintiff out of his car, pushing the plaintiff against his car, and placing handcuffs on plaintiff's wrists.

57. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

58. Each and all of the acts of defendant SCHNIDER alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

59. The acts complained of were carried out by defendant SCHNIDER in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

60. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

### FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendant SCHNIDER in that the said defendant lacked the experience, deportment and ability to be employed by defendant NYC; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant SCHNIDER who lacked the mental capacity and the ability to function as employee of defendant NYC; in that the defendant NYC failed to investigate the above named defendant's background and in that it hired and retained as employees of their police department individuals who were unqualified in that the defendant lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

63. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

64. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS.

Dated: New York, New York
       May 21, 2007

                                            Very truly yours,

                                            THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By:           /s/_____
       Michael Fineman, Esq. (MF0282)
       Attorney for Plaintiff,
       WINSTON FARRELL,
       305 Broadway, 7th Floor
       New York, New York 10007
       Tel: (212) 897-5823
       Fax: (212) 897-5824
       File No. 609/2006