UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

WINSTON FARRELL,

                            Plaintiff,                   **ANSWER**

                  -against-                **07 CV 4052 (LAK)**

THE CITY OF NEW YORK, POLICE OFFICER    **JURY**
SCHNIDER OF THE MIDTOWN SOUTH         **TRIAL**
PRECINCT,                                 **DEMANDED**

                            Defendants.

------------------------------------------------------------------------x

        Defendant The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows: [1]

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.      Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Police Officer Schnider" has not been served with a copy of the Summons and Complaint or requested representation from the office of Corporation Counsel.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to seek a jury trial as stated therein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Admits the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City and the New York City Police Department.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.      The allegations set forth in paragraph "10" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

11.      The allegations set forth in paragraph "11" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

12.      The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Denies the allegations set forth in paragraph "21" of the complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.    Denies the allegations set forth in paragraph "24" of the complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.    Denies the allegations set forth in paragraph "28" of the complaint.

29.     Denies the allegations set forth in paragraph "29" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 8, 2006 and respectfully refers this Court to that document for an accurate statement of its content.

30.     Denies the allegations set forth in paragraph "30" of the complaint, except admits that the claim has not been paid.

31.     Denies the allegations set forth in paragraph "31" of the complaint, except admits that the complaint in this action was filed with the Court on or about May 23, 2007.

32.     In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges paragraphs "1" through "31" of its answer as if set forth fully herein.

33.     The allegations set forth in paragraph "33" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

34.     Denies the allegations set forth in paragraph "34" of the complaint.

35.     Denies the allegations set forth in paragraph "35" of the complaint, except state that the allegations concerning "actual and/or apparent authority" constitute legal conclusions rather than averments of fact to which no response is required.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the complaint.

38.     Denies the allegations set forth in paragraph "38" of the complaint.

39.     Denies the allegations set forth in paragraph "39" of the complaint.

40.     Denies the allegations set forth in paragraph "40" of the complaint.

41.    In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges paragraphs "1" through "40" of its answer as if set forth fully herein.

42.    Denies the allegations set forth in paragraph "42" of the complaint.

43.    Denies the allegations set forth in paragraph "43" of the complaint.

44.    Denies the allegations set forth in paragraph "44" of the complaint.

45.    Denies the allegations set forth in paragraph "45" of the complaint.

46.    Denies the allegations set forth in paragraph "45" of the complaint..

47.    In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges paragraphs "1" through "46" of its answer as if set forth fully herein.

48.    Denies the allegations set forth in paragraph "48" of the complaint.

49.    Denies the allegations set forth in paragraph "49" of the complaint.

50.    Denies the allegations set forth in paragraph "50" of the complaint.

51.    Denies the allegations set forth in paragraph "51" of the complaint, except states that the allegations concerning "acting within the scope of employment", constitutes a legal conclusion, rather than averment of fact, and accordingly no response is required.

52.    Denies the allegations set forth in paragraph "52" of the complaint.

53.    Denies the allegations set forth in paragraph "53" of the complaint

54.    In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges paragraphs "1" through "53" of its answer as if set forth fully herein.

55.    Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     Denies the allegations set forth in paragraph "58" of the complaint, except states that the allegations concerning "acting within the scope of employment", constitutes a legal conclusion, rather than averment of fact, and accordingly no response is required.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     Denies the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and realleges paragraphs "1" through "60" of its answer as if set forth fully herein.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

64.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

65.     Defendant City has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

66.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

67.     At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.     Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.     The actions of any police officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.     Plaintiff provoked any incident.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 24, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendant City of New York
                                100 Church Street, Rm. 3-221
                                New York, New York 10007
                                (212) 442-8600

By:      _____
                                Sabrina Tann (ST 2552)
                                Assistant Corporation Counsel
                                Special Federal Litigation

TO:    <u>BY ECF</u>
Michael Fineman, Esq.
Attorney for Plaintiff
305 Broadway, 7th fl.
New York, N.Y. 10007

07 CV 4052 (LAK)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>WINSTON FARRELL,<br><br>         Plaintiff,<br><br>    -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER SCHNIDER OF THE MIDTOWN SOUTH PRECINCT,<br><br>         Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br><br>*100 CHURCH STREET*<br>*NEW YORK, N.Y. 10007*<br><br>*Of Counsel: Sabrina Tann*<br>*Tel: (212) 442-8600* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y. ............ , 200_*<br><br>*......................................... Esq.*<br><br>*Attorney for* |