UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
WINSTON FARRELL,

                                                                     **07-cv-4052 (LAK)**

      Plaintiff,

           -against-

THE CITY OF NEW YORK, and Police Officer
SCHNIDER of the Midtown South Precinct,


      Defendants.


------------------------------------------------------------------------ x


**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST
POLICE OFFICER SCHNIDER**


                                      Law Office of Michael Fineman, Esq.
                                          Attorney for Plaintiff,
                                          WINSTON FARRELL,
                                          305 Broadway, 7th Floor
                                          New York, New York 10007
                                          Tel: (212) 897-5823
                                          Fax: (212) 897-5824


To:    P.O. SCHNIDER
         Midtown South Police Precinct
         357 West 35th Street
         New York, NY 10001

To:    The City of New York
         Care of NYC Law Dept.
         Attn: Sabrina Tann
         100 Church Street
         New York, NY 10007

## PRELIMINARY STATEMENT

I am the attorney for the plaintiff in the above entitled action, and I make this motion based upon personal knowledge, or where upon information and belief, upon the information contained in the file maintained by this office, and conversations had with the plaintiff.

Plaintiff now moves this Honorable Court for default judgment as against defendant Police Officer SCHNIDER under Rule Rule 55 of the Federal Rules of Civil Procedure for failure to appear in this action. Defendant SCHNIDER was served with the Summons and Complaint in this matter over six months ago, and has not appeared to date.

## STATEMENT OF FACTS

The above entitled action was commenced by filing the complaint with the Clerk of this Court on May 23, 2007. (See **Exhibit 1**).Upon information and belief, Police Officer SCHNIDER is an employee of the New York City Police Department.

Upon information and belief, the Midtown South Police Precinct – located at 357 West 35th Street    New York, NY 10001 – is Police Officer SCHNIDER's last known actual place of business, in that, it is the location that the plaintiff was taken in order to process plaintiff's illegal and unconstitutional arrest. (See **Exhibit 1**).

The Summons and Complaint were served on the defendant under New York Civil Practice Law and Rules § 308(2) at his actual place of business by personal delivery of the Summons and Complaint to P.O. Officer Melindones on May 25, 2007, and mailing a true copy of the Summons and Complaint to the same address on May 28, 2007. The process server filed an affirmation of service with the Clerk of this Court on July 27, 2007. (See **Exhibit 2**).

Defendant City of New York has appeared in this action by serving and filing an answer on July 24, 2007 in which the City of New York choose not to answer on behalf of the codefendant by specifically stating in a footnote that "Upon information and belief, the individual identified in the caption of the complaint as "Police Officer Schnider" has not been served with a copy of the Summons and Complaint or requested representation from the office of Corporation Counsel. (See Exhibit 3).

I have resisted filing this motion at the behest of counsel for the City of New York because I was attempting to negotiate a settlement in this matter; however, in spite of my making a settlement demand, I have not received any counter offers of settlement in the past six months.

Defendant SCHNIDER has not appeared in this action, and the time for the defendant to answer or move with respect to the complaint has long since expired. The defendant's time to plead has not been extended, and defendant is now in default in pleading.

## ARGUMENT

An action is commenced under Rule 3 of the Federal Rules of Civil Procedure when the complaint if filed with the Court. Rule 4(e)(1) of the Federal Rules of Civil Procedure states, "Unless federal law provides otherwise, an individual--other than a minor, an incompetent

person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

New York Civil Procedure Law and Rules § 308(2) states in pertinent part service of process may be effected by, "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, *** and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business…" CPLR §308(2).

As Your Honor held in Velez v. Vassallo, 203 F.Supp.2d 312 (S.D.N.Y., 2002), "The Federal Rules permit service on individuals, just as service on corporations, to be made pursuant to the law of the state in which the district court is located. Under New York law, personal service may be effected on an individual by 'delivering the summons within the state to a person of suitable age and discretion at the [person's] actual place of business ... and by mailing the summons to the person to be served at his or her last known residence or ... actual place of business.' New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by her with that place of business.'" Velez, at 325 (citation omitted).

Even if defendant SCHNIDER claims that the Midtown South Precinct is not the precinct that he is assigned to, plaintiff submits that it is a place where the defendant regularly transacts business; thus, it is a proper place for service. Defendant SCHNIDER has not appeared in this matter, has not filed an answer, and has not contested the allegations in the complaint, or asked for an enlargement of time to answer.

## **CONCLUSION**

For the reasons stated above, the plaintiff respectfully requests that this Honorable Court grant his motion for default judgment and order a jury trial to determine the amount of damages pursuant to Rule 55(2)(B) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       December 11, 2007

                                            THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

                            By:           /s/
                                        Michael Fineman, Esq.
                                        Attorney for Plaintiff,
                                        WINSTON FARRELL,
                                        305 Broadway, 7th Floor
                                        New York, New York 10007
                                        Tel: (212) 897-5823

Fax: (212) 897-5824

## AFFIRMATION OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

**MICHAEL FINEMAN**, an attorney admitted under the laws of this State, being duly sworn, deposes affirms, and says that deponent is not a party to the within action, is over 18 years of age and resides in the State of New York, County of Kings.

That on the 11th day of December, 2007 deponent served the within **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS AGAINST POLICE OFFICER SCHNIDER** upon:

To:   P.O. SCHNIDER
      Midtown South Police Precinct
      357 West 35th Street
      New York, NY 10001

To:   The City of New York
      Care of NYC Law Dept.
      Attn: Sabrina Tann
      100 Church Street
      New York, NY 10007

The attorney for the answering defendant in this action and the actual place of business of the default defendant, at the above address(es) designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

Dated: New York, New York
       December 11, 2007

_____
MICHAEL FINEMAN, ESQ.