UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

WINSTON FARRELL,

                               Plaintiff,                **07 CV 4052 (LAK)**

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
SCHNIDER OF THE MIDTOWN SOUTH
PRECINCT,

                             Defendants.

-------------------------------------------------------------------------X

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST POLICE OFFICER SCHNIDER

### Preliminary Statement

I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. I write in opposition to plaintiff's Motion for Default Judgment Against Police Officer Schnider dated December 11, 2007. The entry of a default judgment against the individual identified in the caption of the complaint as "Police Officer Schnider" (referred to herein as "Officer Schnider") should be denied on the grounds that, upon information and belief, there is no police officer employed by the New York City Police Department and assigned to the Mid-Town South police precinct whose last name is "Schnider". Additionally, Officer Schnider's failure to respond to the complaint was not willful or in bad faith. Furthermore, Officer Schnider has a meritorious defense because he was not personally involved in the incident alleged in the complaint. Finally, Officer Schnider's alleged failure to respond to the complaint does not prejudice plaintiff in the prosecution of his case.

## Factual Background

As background, the complaint alleges, *inter alia*, that on June 9, 2006, New York City Police Officer Schnider falsely arrested plaintiff Winston Farrell and subjected him to excessive force in violation of his federal and state civil rights. See Complaint annexed to the Declaration of Sabrina Tann ("Tann Decl.") as Exhibit "A". On July 24, 2007, defendant City filed its answer to the complaint and specifically stated therein "[u]pon information and belief, the individual identified in the caption of the complaint as "Police Officer Schnider" has not been served with a copy of the Summons and Complaint or requested representation from the Office of Corporation Counsel. See Answer annexed to Tann Decl. as Exhibit "B". That same day, plaintiff filed an Affidavit of Service of Summons and Complaint, which indicated that plaintiff attempted to effect service on "Officer Schnider" on or about May 25, 2007, by leaving a copy with Police Officer Melindones at the NYPD Midtown South police precinct located at 357 West 35th Street, New York, New York 10001 and also by mail. See purported Affidavit of Service of Summons and Complaint annexed to Tann Decl. as Exhibit "C". By letter dated August 9, 2007, addressed to plaintiff's counsel, this Office reiterated its assertion that Officer Schnider still had not yet been served with process and informed plaintiff's counsel that this Office had not received any relevant documents relating to the allegations of the complaint. See August 9, 2007 letter annexed to Tann Decl. as Exhibit "D".

## Standard of Review

The District Court has the judicious discretion in deciding a request for default, especially since it is in the best position to assess the facts and surrounding circumstances and the ability to evaluate the credibility of the parties. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). As construed by the Court of Appeals and the District Courts of this Circuit, the entry of

2

a default judgment is an extreme remedy, the grant of which is warranted only in extraordinary circumstances. "The Second Circuit strongly prefers dispute determination on the merits and directs district courts to resolve any doubts regarding…default in favor of a trial on the merits." Springs v. Clement, 202 F.R.D. 387, 394 (E.D.N.Y. 2001)(citing Shah v. New York State Dep't of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999); Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Enron Oil Corp. v. Dikuhara, 10 F.3d 90, 95 (2d Cir. 1993)). "Indeed, [the] Court [of Appeals] has recognized that 'dismissal is a harsh remedy to be utilized only in extreme situations.'" Springs, 202 F.R.D. at 394 (citing Cody, 59 F.3d at 15). When a defaulting party seeks relief from the Court, "[t]he [C]ourt resolves doubts in the movant's favor so that the case may be resolved, if possible, on the merits." Springs, 202 F.R.D. at 394 (citing Enron Oil Corp., 10 F.3d at 95-96). Moreover, the extreme sanction of default should only be imposed "upon a serious showing of willful default." Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957).

Moreover, in deciding whether to relieve a party from default judgment, the Court considers three factors: (1) whether the default was willful; (2) whether defendant has a meritorious defense, and (3) whether plaintiff will be prejudiced if the relief is granted. Enron Oil Corp., 10 F.3d at 96. Accordingly, when doubt exists as to whether a default judgment should be set aside, the doubt should be resolved in favor of the defaulting party. Id. at 96.

## Argument

### A.    The Failure to File An Answer Was Not Willful Or In Bad Faith

Officer Schnider's failure to respond to the complaint was not willful or in bad faith. Rather, Officer Schnider was never served with a copy of the summons and complaint, notwithstanding the July 24, 2007 Affidavit of Service filed by plaintiff. This Office is informed by the NYPD that there was no police officer employed by the Midtown South Precinct with the

3

last name "Schnider" in May of 2007 when plaintiff attempted service. See Affidavit of Christine McCann annexed to Tann Decl. as Exhibit "E" at ¶ 3. Therefore, even if service was accepted on behalf of such an individual by an officer Melindones, it was in error. Moreover, this Office notified plaintiff once in defendant City's answer and again in its August 9, 2007 letter that the individual identified in the caption of the complaint as "Police Officer Schnider" had not been served in this matter. This application should be denied because there was no "Officer Schnider" employed by the Midtown South Precinct on May 25, 2007 when plaintiff attempted to effect service and as such, any purported service was improper. Accordingly, any failure to respond to the complaint on his behalf could not have been willful or in bad faith.

**B.      There Is A Meritorious Defense**

Notwithstanding, even assuming service was proper, Officer Schnider has a meritorious defense to plaintiff's claims. Specifically, the defense of lack of personal involvement is applicable to any claims asserted against Officer Schnider in plaintiff's complaint. In order to state a section 1983 claim against an individually named defendant, a plaintiff must establish the defendant's personal involvement in the deprivation of his civil rights. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883 (2d Cir. 1987)(complaint is fatally defective in the absence of any allegations of personal involvement); Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir. 2000) (plaintiff's § 1981 claim against the individually named defendants were dismissed because plaintiff failed to show a causal relationship between them and the alleged harassment); Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004) (individually named defendant dismissed where there is no direct allegation or material facts that Russell (the named defendant) engaged directly in any discriminatory conduct); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (It is well settled in this Circuit that 'personal

4

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983).

Plaintiff identified "Officer Schnider" in error in the complaint. The NYPD has affirmed that there was no such officer employed at the Midtown South Precinct on May 25, 2007 or on June 9, 2006 at the time of the incident alleged in the complaint. See Tann Decl., Ex. E at ¶ 3. Nor has plaintiff proffered any documentary evidence that supports the involvement of "Office Schnider" in the alleged incident. Accordingly, because the individual identified in the caption of the complaint as "Officer Schnider" was not personally involved in plaintiff's alleged arrest, assuming he was properly served, all claims asserted against him in the complaint must fail.

## C.    **Plaintiff Is Not Prejudiced**

There has been no prejudice to plaintiff as a result of any delay in responding to the complaint. In fact, the obligation is still on plaintiff to effect service on Officer Schnider. Thus it is respectfully submitted that Officer Schnider has no obligation to respond to the complaint until service is effected. Notwithstanding, delay alone is not a sufficient basis for establishing prejudice. Davis v. Musler, 713 F.2d 907, 916 (S.D.N.Y. 1987); Standard Enterprises, Inc. v. Bag-It, Inc., 115 F.R.D. 38, 40 (S.D.N.Y. 1987). Rather, it must be shown that a delay will result in a loss of evidence, increased difficulties with discovery, or increased opportunities of fraud and collusion. Davis, 713 F.2d at 917. Plaintiff has made no showing of prejudice here. In fact, plaintiff has put forward no facts to suggest that he has incurred any prejudice of the type deemed relevant by the Court of Appeals.

## Conclusion

Accordingly, for the reasons set forth herein, this Office respectfully requests that the Court deny plaintiff's Motion for Default Judgment Against Police Officer Schnider.

Dated:     New York, New York
          December 18, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                Attorney for Defendant City of New York
                                100 Church Street, Rm. 3-221
                                New York, New York 10007
                                (212) 442-8600

By:                               
                                Sabrina Tann (ST 2552)
                                Assistant Corporation Counsel
                                Special Federal Litigation

TO:   BY ECF
Michael Fineman, Esq.
Attorney for Plaintiff
305 Broadway, 7th fl.
 New York, N.Y. 10007

6