UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X

WINSTON FARRELL,

                                              Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
SCHNIDER OF THE MIDTOWN SOUTH PRECINCT,

                               Defendants.

**DECLARATION OF
SABRINA TANN**

**07 CV 4052 (LAK)**

----------------------------------------------------------------------- X

**SABRINA TANN,** an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true:

1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendant City of New York's Response in Opposition to Plaintiff's Motion for Default Judgment Against Police Officer Schnider. In support of their motion, defendants submit the exhibits described below:

2.  Plaintiff has provided this Office with incorrect information regarding the date of his arrest, the precinct that plaintiff was taken to and his arresting officer. Furthermore, plaintiff has failed to provide this Office with any documentation concerning his alleged June 9, 2006 arrest. Nor has this Office otherwise obtained documentation supporting plaintiff's purported arrest.

3.  Annexed as Exhibit "A" is a copy of the Complaint, which was filed with the Court on May 23, 2007.

4.  Annexed as Exhibit "B" is a copy of the Answer on behalf of the City of New York, which was filed with the Court on July 24, 2007.

5.  Annexed as Exhibit "C" is a copy of the purported Affidavit of Service of Summons and Complaint, which was filed with the Court dated July 24, 2007.

6.  Annexed as Exhibit "D" is a copy of a letter to plaintiff's counsel dated August 9, 2007.

7.  Annexed as Exhibit "E" is a copy of the Affidavit of Christine McCann dated December 18, 2007.

New York, New York
Dated: December 18, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-221
New York, New York 10007
(212) 442-8600

By: _____
Sabrina Tann (ST 2552)
Assistant Corporation Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
WINSTON FARRELL,

**07-cv-4052 (LAK)**

     Plaintiff,

          -against-                   **COMPLAINT**

THE CITY OF NEW YORK, and Police Officer
SCHNIDER of the Midtown South Precinct,

     Defendants.


------------------------------------------------------------------------- x


The plaintiff, complaining of the defendants, by her attorney, MICHAEL FINEMAN, ESQ.
respectfully shows to this Court and alleges:

### JURISDICTION AND VENUE

1.   Plaintiff brings this action for compensatory damages, and punitive damages pursuant to 42
U.S.C. § 1983, and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured
by said statutes and the Constitutions of the State of New York and the United States.

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First,
Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.   Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4.   Venue is properly laid in the Southern District of New York under 28 U.SC. §1391(b) and
§1391(c), in that the defendant's, the City of New York, offices are located within the District.

### JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed.
R.Civ.P. 38(b).

### PARTIES

6.   The plaintiff, is a United States citizen who immigrated from Montserrat, in the West Indies,
and is a resident of the United States, State of New York, and the County of Bronx.

7.   Defendant, the City of New York (hereinafter referred to as NYC), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant, NYC, maintains the New York City Police Department a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.   At all times hereinafter mentioned, the individual defendant, Police Officer Police Officer SCHNIDER of the Midtown South Precinct (hereinafter referred to as SCHNIDER) was a duly sworn police officer of said police department and was acting under the supervision of said police department and according to his official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of defendant, SCHNIDER, alleged herein were done by said defendant while acting within the scope of their employment by defendant NYC.

12. Each and all of the acts of the defendant, SCHNIDER, alleged herein were done by said defendant while acting in furtherance of their employment by defendant NYC.

## FACTS

13. Upon information and belief, on or about June 9, 2006 at approximately midnight, plaintiff was in his car, with his two sons, Winchele and Jesani.

14. Upon information and belief, on the above date, the plaintiff was in his car on Eighth Avenue, between Forty-second and Forty-third Streets.

15. Upon information and belief, defendant SCHNIDER, who was accompanied by a number of additional police officers, both in uniform and in plain cloths, who where unknown to plaintiff, approached the plaintiff's vehicle.

16. Upon information and belief, defendant SCHNIDER, while holding his firearm at his side unholstered, forcibly removed the plaintiff from his car.

17. Upon information and belief, defendant SCHNIDER forcibly pushed the plaintiff against the side of plaintiff's car and handcuffed the plaintiff. .

18. Upon information and belief, at the direction of defendant SCHNIDER, the other, unknown police officers, entered the plaintiff's car and searched its interior.

19. Upon information and belief, during the time that the plaintiff was placed in custody and his car was searched at the above-mentioned location, a crowd of people gathered.

20.  Upon information and belief, defendant SCHNIDER as well as the other officers who were present, removed the plaintiff to the Midtown South Precinct of the New York City Police department where the plaintiff was further detained.

21.  Upon information and belief, defendant SCHNIDER caused the plaintiff to be transported to the New York County Criminal Court's Central Booking location, where the plaintiff continued to be detained.

22.  Upon information and belief, plaintiff was released from the New York County Criminal Court without being brought before a Judge for an arraignment because the criminal charges that the defendants accused the plaintiff of were declined to be prosecuted by the New York County District Attorney's Office.

23.  Upon information and belief, plaintiff was held against his will from about midnight on June 9, 2006 until 5:00 PM on June 9, 2006 for a total of approximately seventeen hours.

24.  Upon information and belief, the defendants, through the actions of defendant SCHNIDER did seize the plaintiff's person without probable cause.

25.  Upon information and belief, plaintiff was placed in handcuffs and escorted into a marked police car in front of numerous members of plaintiff's community as well as plaintiff's family.

26.  Upon information and belief, plaintiff did begin to suffer bruising and pain to the plaintiff's wrist while in the defendants' custody, and sought medical attention subsequent to his release.

27.  Upon information and belief, no criminal charges where ever brought against plaintiff founded upon any allegation with respect to the above-described incident by the relevant prosecutorial entity in the jurisdiction.

28.  Upon information and belief, defendant SCHNIDER attempted to conceal his illegal and unconstitutional conduct by claiming that the plaintiff did not have a valid driver's license while knowing that not to be true.

<u>PENDENT STATE CLAIMS</u>

29.  That Notice of the Plaintiff's Claims for violation of civil rights, false arrest, false imprisonment, assault and battery, punitive damages, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant, CITY OF NEW YORK, on or about August 3, 2006.

30.  That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make an adjustment or payment thereof which is satisfactory to plaintiff.

31.  That this action is commenced within one year and ninety days after the cause of action arose.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C.§ 1983

32. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

33. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

34. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

39. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

40. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION FOR FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent in violation of the Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

44. The acts complained of were carried out by the aforementioned individual defendant in his capacities as a police officer, with malice and discriminatory intent based on plaintiff's national origin and ethnic background.

45. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

46. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

<u>THIRD CAUSE OF ACTION FOR FALSE IMPRISONMENT</u>

47. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

48. On the above mentioned date, defendant SCHNIDER did forcibly prevent the plaintiff from exiting the aforementioned Midtown South Police Precinct as well as The New York County Criminal Court Central Booking facility with plaintiff's knowledge and without the plaintiff's consent.

49. Upon information and belief, defendant SCHNIDER had no justifiable reason to detain, or cause plaintiff's detention.

50. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

51. Each and all of the acts of defendant SCHNIDER alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

52. The acts complained of were carried out by defendant SCHNIDER in his capacities as a employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

53. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

<u>FOURTH CAUSE OF ACTION FOR ASSAULT AND BATTERY</u>

54. Plaintiff repeats, reiterates and realleges all of the above allegations as though fully set forth herein.

55. Upon information and belief, defendant SCHNIDER did place plaintiff in fear of physical injury by his conduct.

56. Upon information and belief, defendant SCHNIDER did make physical contact with plaintiff's person against plaintiff's will by grabbing plaintiff, forcing the plaintiff out of his car, pushing the plaintiff against his car, and placing handcuffs on plaintiff's wrists.

57. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

58. Each and all of the acts of defendant SCHNIDER alleged herein were done by said person while acting within the scope of his employment by defendant NYC.

59. The acts complained of were carried out by defendant SCHNIDER in his capacities as an employee of NYC, pursuant to the customs, usages, practices, procedures, and rules of defendant NYC, all under the supervision, and with the consent of managing and supervising employees and agents of defendant NYC.

60. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS and is entitled to an award of punitive damages as a result of such actions being done with malicious intent.

## FIFTH CAUSE OF ACTION FOR NEGLIGENCE AS AGAINST DEFENDANT NYC

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the defendant NYC was negligent, careless and reckless in hiring and retaining as and for its employees, particularly defendant SCHNIDER in that the said defendant lacked the experience, deportment and ability to be employed by defendant NYC; in that the defendant failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant SCHNIDER who lacked the mental capacity and the ability to function as employee of defendant NYC; in that the defendant NYC failed to investigate the above named defendant's background and in that it hired and retained as employees of their police department individuals who were unqualified in that the defendant lacked the maturity, sensibility and intelligence to be employed when hired to be employee; and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

63. Upon information and belief, as a result of defendants' conduct, plaintiff was caused to suffer physical injury, including but not limited to bruising and pain to the wrist, continued pain and suffering, mental anguish, and anxiety.

64. That by reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00} DOLLARS.

Dated: New York, New York
     May 21, 2007

                       Very truly yours,

             THE LAW OFFICE OF MICHAEL FINEMAN, ESQ.

By:                /s/
              Michael Fineman, Esq. (MF0282)
              Attorney for Plaintiff,
              WINSTON FARRELL,
              305 Broadway, 7th Floor
              New York, New York 10007
              Tel: (212) 897-5823
              Fax: (212) 897-5824
              File No. 609/2006

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

WINSTON FARRELL,

                                 Plaintiff,               **ANSWER**

                        -against-                  **07 CV 4052 (LAK)**

THE CITY OF NEW YORK, POLICE OFFICER     **JURY**
SCHNIDER OF THE MIDTOWN SOUTH     **TRIAL**
PRECINCT,                               **DEMANDED**

                             Defendants.

------------------------------------------------------------------------x

       Defendant The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges, upon information and belief, as follows: [1]

       1.        Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.        Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       3.        Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       4.        Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as "Police Officer Schnider" has not been served with a copy of the Summons and Complaint or requested representation from the office of Corporation Counsel.

5.      Denies the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to seek a jury trial as stated therein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Admits the allegations set forth in paragraph "7" of the complaint.

8.      Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City and the New York City Police Department.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10.     The allegations set forth in paragraph "10" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

11.     The allegations set forth in paragraph "11" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

12.     The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Denies the allegations set forth in paragraph "21" of the complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Denies the allegations set forth in paragraph "28" of the complaint.

29.    Denies the allegations set forth in paragraph "29" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about August 8, 2006 and respectfully refers this Court to that document for an accurate statement of its content.

30.    Denies the allegations set forth in paragraph "30" of the complaint, except admits that the claim has not been paid.

31.    Denies the allegations set forth in paragraph "31" of the complaint, except admits that the complaint in this action was filed with the Court on or about May 23, 2007.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges paragraphs "1" through "31" of its answer as if set forth fully herein.

33.    The allegations set forth in paragraph "33" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

34.    Denies the allegations set forth in paragraph "34" of the complaint.

35.    Denies the allegations set forth in paragraph "35" of the complaint, except state that the allegations concerning "actual and/or apparent authority" constitute legal conclusions rather than averments of fact to which no response is required.

36.    Denies the allegations set forth in paragraph "36" of the Complaint.

37.    Denies the allegations set forth in paragraph "37" of the complaint.

38.    Denies the allegations set forth in paragraph "38" of the complaint.

39.    Denies the allegations set forth in paragraph "39" of the complaint.

40.    Denies the allegations set forth in paragraph "40" of the complaint.

41.     In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges paragraphs "1" through "40" of its answer as if set forth fully herein.

42.     Denies the allegations set forth in paragraph "42" of the complaint.

43.     Denies the allegations set forth in paragraph "43" of the complaint.

44.     Denies the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint.

46.     Denies the allegations set forth in paragraph "45" of the complaint..

47.     In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges paragraphs "1" through "46" of its answer as if set forth fully herein.

48.     Denies the allegations set forth in paragraph "48" of the complaint.

49.     Denies the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint.

51.     Denies the allegations set forth in paragraph "51" of the complaint, except states that the allegations concerning "acting within the scope of employment", constitutes a legal conclusion, rather than averment of fact, and accordingly no response is required.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint

54.     In response to the allegations set forth in paragraph "54" of the complaint, defendant repeats and realleges paragraphs "1" through "53" of its answer as if set forth fully herein.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

- 5 -

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     Denies the allegations set forth in paragraph "58" of the complaint, except states that the allegations concerning "acting within the scope of employment", constitutes a legal conclusion, rather than averment of fact, and accordingly no response is required.

59.     Denies the allegations set forth in paragraph "59" of the complaint.

60.     Denies the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendant repeats and realleges paragraphs "1" through "60" of its answer as if set forth fully herein.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

64.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

65.     Defendant City has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

66.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

67.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68.    Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69.    The actions of any police officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72.    Plaintiff provoked any incident.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
             July 24, 2007

                                 MICHAEL A. CARDOZO
                                 Corporation Counsel of the City of New York
                                 Attorney for Defendant City of New York
                                 100 Church Street, Rm. 3-221
                                 New York, New York 10007
                                 (212) 442-8600

By:                                 _____
                                 Sabrina Tann (ST 2552)
                                 Assistant Corporation Counsel
                                 Special Federal Litigation

TO:    <u>BY ECF</u>
Michael Fineman, Esq.
Attorney for Plaintiff
305 Broadway, 7th fl.
New York, N.Y. 10007

- 8 -

07 CV 4052 (LAK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINSTON FARRELL,

                         Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER SCHNIDER OF THE MIDTOWN SOUTH PRECINCT,

                   Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*

*100 CHURCH STREET*
*NEW YORK, N.Y. 10007*

*Of Counsel: Sabrina Tann*
*Tel: (212) 442-8600*

*Due and timely service is hereby Admitted.*

*New York, N.Y. ............ , 200_*

*......................................... Esq.*

*Attorney for*

EXHIBIT C

**DISTRICT COURT OF THE UNITED STATES**
**SOUTHERN OF NEW YORK**

| | |
|---|---|
| Trans. #: | 20072027 |
| Date Filed: | |
| Docket/Index #: | 07-CV-4052 (LAK) |
| Witness Fee: | $0.00 |
| File: No | Court Date: |
| Client Ref #. | |

WINSTON FARRELL                          Plaintiff (s)
                                         Petitioner (s)
~ vs ~

THE CITY OF NEW YORK ; ET AL             Defendant (s)
                                         Respondent (s)

LAW OFFICE OF MICHAEL FINEMAN,
ESQ.
305 BROADWAY, 7TH FLOOR
NEW YORK NY  10007

**STATE OF NEW YORK: COUNTY OF SUFFOLK    : SS:**

**CURTIS DUNCAN**   , BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on May 25, 2007 at 03:02 PM , at , 357 WEST 35TH STREET , NEW YORK  NY 10001
deponent served the within  SUMMONS IN A CIVIL CASE AND COMPLAINT
on POLICE OFFICER SCHNIDER, MIDTOWN SOUTH PRECINCT  defendant therein named.

| | |
|---|---|
| **INDIVIDUAL** | By personally delivering to and leaving with said _____ a true copy thereof, |
| | And that he knew the person so served mentioned and described in said _____ |
| | Defendant was identified by self admission |
| **CORPORATION** | By delivering to and leaving with _____ at _____, and that he knew the person so served to be  AUTHORIZED to accept service. |
| | *Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:* |
| **SUITABLE AGE PERSON** [X] | By delivering a true copy thereof to and leaving with P.O. MELINDONES _____, a person of suitable age and discretion at , 357 WEST 35TH STREET , NEW YORK , NY,1000\   the said premise being the defendants / respondents  place of business  within the state of New York. |
| **AFFIXING TO DOOR, ETC.** | By affixing a true copy thereof to the door of the said premises, the same being the defendant's   within the State of New York. |
| **MAILING** [X] | Deponent completed service under the last two sections by depositing a true copy of the SUMMONS IN A CIVIL CASE AND COMPLAINT in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on May 28, 2007  to the Above Address FIRST CLASS MAIL |
| **PREVIOUS ATTEMPTS** | Deponent had previously attempted to serve the above named defendant/respondent. |

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:

Approximate age 37 Approximate weight 185 Approximate height 5'9"  Sex Male

Color of skin WHITE Color of Hair BROWN Other ____

[X]  Deponent spoke with Person Served   who confirmed non-military status of the defendant. The person spoken to stated the defendant was not in the military service of the United States government or on active duty in the military service in the state of New York.

Sworn to before me this  06/28/2007

_____
CURTIS DUNCAN  1212924

Robert Gillis
NOTARY PUBLIC State of New York
No. 01GI6083096
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Nov. 12, 20__

Professional Process Service, Ltd.    Box 5462, Bay Shore, NY 11706, (631) 206-0611, Fax (631) 206-0617
NYC DCA Lic. No.: 1125394   P.O. Box 292 Times Square Station, New York, NY (212) 956-9620 Fax  (646) 201-9178

EXHIBIT D



THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SABRINA TANN
Phone: (212) 442-8600
Fax: (212) 788-9776
stann@law.nyc.gov

August 9, 2007

**BY FACSIMILE**
Michael Fineman, Esq.
307 Broadway, 7th Fl.
New York, New York 10007

Re: Winston Farrell v. City of New York et al., 07 CV 4052 (LAK)

Mr. Fineman:

I write in furtherance of our telephone conversation this afternoon, to inform you that I will be out of the office between August 13, 2007 and September 4, 2007 celebrating my wedding and honeymoon. Additionally, as per our telephone conversation, despite your representation that the individual identified in the caption of the complaint as "Schinder" has been served, this Office has not spoken to him or received a request for representation from him. Further, this Office has not yet received any relevant documents regarding this request, despite our repeated requests to the relevant agencies.

Accordingly, I am requesting an extension until September 7, 2007 to confirm service on "Schnider", to respond to plaintiff's first written requests for discovery, which are due today and to evaluate this case for settlement. I thank you for your patience in this matter and am hopeful that we can reach an early resolution of this case.

Sincerely,

Sabrina Tann
Assistant Corporation Counsel
Special Federal Litigation Division

# EXHIBIT E

Received:
DEC-18-2007  13:41          212 608 3126                    Dec 18 2007 11:50am
                                                            212 608 3126      P.02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
WINSTON FARRELL,                                   Index No.: 07CV4052

                          Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
SCHNIDER OF THE MIDTOWN SOUTH PRECINCT,

                          Defendants.
------------------------------------------------------------X

STATE OF NEW YORK       )
                        : SS.:
COUNTY OF NEW YORK      )

        Catherine McCann, being duly sworn, deposes and says:

        1.      I have been employed by the New York City Police Department ("NYPD") since

1985. I currently hold the Civil Service title of Administrative Manager and am assigned as the

Commanding Officer of the Personnel Records Section within the NYPD's Employee

Management Division.   The Personnel Records Section is responsible for maintaining the

personnel records for the NYPD as well as identifying and verifying employment of NYPD

employees.

        2.      I make this affidavit in connection with the above captioned matter upon

information and belief, based upon my review of the NYPD employee database, maintained in

the ordinary course of business and upon information provided by other officers ad employees of

the NYPD and upon my knowledge of the procedures used by the Personnel Records Section and

the Police Department.

        3.      On December 17, 2007, I conducted a computer search of the NYPD personnel

database for any record of an employee by the last name of "Schnider." Pursuant to the search of

the above database, which maintains the names of all individuals employed by the NYPD for the

Received:
DEC-18-2007  13:41          212 608 3126          Dec 18 2007 11:50am          212 608 3126     P.03

past twenty (20) years, the database revealed no record of any individual, either civilian or

uniformed, with the last name of "Schnider," having been employed by the New York City

Police Department within the last twenty years.   As such, there is no record of an Officer

"Schnider" working for the New York City Police Department on either June 9, 2006 or May 25,

2007.

*Catherine McCann*

**Sworn to before me this**
**_18th_ day of December, 2007**

*Lori Workstel*

**NOTARY PUBLIC**

**LORI M WORKSTEL**
Notary Public, State of New York
No. 02WO6075672
Qualified in Kings County
Commission Expires June 10, 20 *12*